# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TULIO PATINO,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:08-cv-00049-RCJ-RAM

ORDER

This long closed habeas matter comes before the Court following upon a letter filed by petitioner, in which he seeks review of his criminal conviction.

This action was dismissed without prejudice for lack of exhaustion over six years ago, with no appeal being taken from the dismissal. Federal habeas counsel was appointed for petitioner and remains petitioner's counsel of record in this closed action.

Thereafter, petitioner's second federal petition in No. 3:09-cv-00336-RCJ-RAM was dismissed with prejudice on the merits, with federal habeas counsel having been appointed for petitioner. The Court of Appeals denied a certificate of appealability; and the United States Supreme Court denied *certiorari* review, over two years ago.

Petitioner cannot file papers in proper person in this action while represented by the Federal Public Defender. There is no conceivable basis for petitioner reopening these proceedings or obtaining relief in this action. Following the denial of his second federal petition on the merits, petitioner cannot proceed further in seeking federal habeas relief

without first obtaining permission from the Court of Appeals under 28 U.S.C. § 2244 to pursue a second or successive petition. Even if such permission were granted, any relief sought would not be sought in this action. This action is closed.

The Court does not take action based on letters, and it does not permit a petitioner who is represented by counsel to also file papers in the action. The Court will take no action based upon the letter filed in this action. The Court will not review the validity of petitioner's conviction in this action.

IT THEREFORE IS ORDERED that petitioner's letter (#28) is STRICKEN.

IT FURTHER IS ORDERED that the Clerk of Court shall designate petitioner – in proper person only – as a restricted filer on the docket, and the Clerk shall return unfiled any further papers tendered by petitioner – in proper person rather than by counsel – in this action. Filings through counsel are not barred by this order.[1]

IT FURTHER IS ORDERED that the Clerk shall mail a hard copy of this order to the petitioner in proper person at the address shown on the envelope in #28 and shall note said mail transmittal in docketing this order.

This action has been – and remains – closed by a final and conclusive judgment as to any further proceedings herein.

DATED:     September 9, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[1] The Court notes that petitioner is represented by counsel in this matter, such that the complete bar on proper person filings does not deny petitioner functional access to the courts in this action. There, again, is no conceivable basis for any further proceedings in this action, even through counsel.

-2-